No. 12-1069 – *Teresa Dellinger v. Pediatrix Medical Group, P.C.*

**FILED**

**October 25, 2013**
**released at 3:00 p.m.**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

Justice Ketchum, with whom Justice Davis joins, dissenting:

On May 20, 2011, the defendant filed a motion for summary judgment. The plaintiff responded relying on the deposition testimony of her sole expert witness. After hearing the matter, the judge found there were disputed issues of material fact and allowed the case to proceed to a jury trial.

The defendant then filed an identical motion for summary judgment. Relying on the judge's ruling, the plaintiff did not seek to buttress or add to her sole expert's testimony. At the pre-trial conference on March 5, 2012, the judge said he would not re-hear the defendant's motion or change his mind. The defendant asked to make a record. The defendant re-argued the motion for summary judgment. There was no necessity for the plaintiff to respond. The court then told the parties to try and settle and to call him about the settlement negotiations.

The parties tried unsuccessfully to settle and called the judge. They informed him that there would be a trial. At this point, the judge changed his ruling and granted the summary judgment.

The plaintiff was surprised because she relied on the judge's original denial of the summary judgment motion. She rightfully felt she did not need to buttress her evidence or get an additional expert.

At the very least, the court, upon changing its ruling after settlement negotiations failed, should have allowed the plaintiff time to respond to the defendant's argument made under the guise of making a record at the pre-trial.